UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN C. BUCHANAN JR.,**

                     Plaintiff,

                                                           No. 2:12-cv-15511
vs.                                                        Hon. Gerald E. Rosen

**JAMES W. METZ II and DONOVAN MOTLEY,**

                     Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO CHANGE VENUE**

**I. INTRODUCTION**

On December 17, 2012, Plaintiff John C. Buchanan ("Plaintiff') commenced this civil rights action against Defendant James W. Metz II ("Metz"), an Assistant Attorney General for the State of Michigan, and Defendant Donovan Motley ("Motley"), a Special Agent for Michigan's Department of the Attorney General. The case arises out of an investigation by the Michigan Attorney General into a project involving Plaintiff and a Walker, MI property owned by his limited liability corporation, Alpinist Endeavors, LLC. Metz and Motley were assigned to the investigation, which resulted in criminal charges against Plaintiff for attempted fraud on the State. Plaintiff alleges that the Defendants made false statements in the affidavit that led to his arrest, and, as a result, violated his civil rights under the Fourth Amendment for malicious prosecution and

1

wrongful arrest. Plaintiff also alleges state tort claims for malicious prosecution and false arrest.

Plaintiff filed this action against the Defendants in the United States District Court for the Eastern District of Michigan on December 17, 2012. While the Plaintiff and the Defendants are Michigan citizens, only Defendant Metz resides in the Eastern District of Michigan. All parties agree that the core underlying acts giving rise to this action occurred in or around Grand Rapids and Lansing, MI, both of which are located in the Western District of Michigan. Pursuant to 28 U.S.C. § 1404(a), Defendants filed this motion to change venue, asking the Court to transfer this case to the Western District of Michigan. For the reasons set forth below, the Court finds that Defendants' motion should is DENIED.

## II. FACTUAL BACKGROUND

In 2009, Plaintiff Buchanan sought to sell a facility owned by Alpinist Endeavors -- his LLC -- so it could be used by the film industry to film movies. In selling the facility, Plaintiff sought to qualify for the Michigan Film and Digital Media Infrastructure Tax Credit. The facility, originally valued at $10 million, was to be sold to West Michigan Films, LLC for $40 million, conditioned, among other things, on being awarded the tax credit.

As the parties began to close their deal and the Michigan Film Office moved forward with certifying the approved application for the tax credit, "whistleblowers" began contacting state officials and organizations opposed to the film tax credits claiming

that the project was a fraud designed to take advantage of the tax credits. This caused local media and other groups to scrutinize the project, leading the Film Office to deny the certification of the project for the film tax credits and prompting the Attorney General -- who, at the time, was involved in a close primary election campaign for Governor of Michigan -- to launch an investigation into the project. Defendants Metz and Motley were assigned to the investigation, which resulted in criminal charges against Plaintiff and his associates for attempted fraud on the State. After three days of trial on these charges, the State District Court for the 61st Judicial District in Kent County dismissed the claim against the Plaintiff based on lack of probable cause to believe any fraud existed.

As a result of the significant media attention this project and trial received, Plaintiff alleges that his reputation as a real estate developer is damaged and that he cannot continue in the profession. He filed suit on December 17, 2012, alleging Fourth Amendment violations for malicious prosecution and wrongful arrest, as well as state tort claims for malicious prosecution and false arrest. He requests damages, punitive damages, costs, and attorney fees. Defendants filed their answer and the present motion to change venue on February 12, 2013, arguing that the case should be transferred to the Western District of Michigan because factors such as convenience of the parties, the convenience of the witnesses, and the interest of justice would be served by transferring this action to the Western District.

## III. DISCUSSION

### A.  Standard of Review

Transfer of venue is governed by 28 U.S.C. § 1404(a), which states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A plaintiff's choice of forum is generally given "substantial deference," though it "is not sacrosanct, and will not defeat a well-founded motion for change of venue." *Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 749-50 (E.D. Mich. 2004).

In deciding whether to transfer a case, a Court must find that the following criteria are satisfied: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994) (citing *Int'l Show Car Ass'n v. ASCAP*, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992)).  Further, the movant bears the burden of demonstrating -- by a preponderance of the evidence -- that "fairness and practicality strongly favor the forum to which transfer is sought." *Audi AG*, 341 F. Supp. 2d at 749 (quoting *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001)).  In making this showing, the movant must establish that the plaintiff's choice of forum is "*clearly outweighed* by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (emphasis added).

### B.  Analysis

1.  **This action could have been brought in the Western District of Michigan.**

The first factor this Court must consider is whether this action could have been brought in the transferee district court, in this case, the Western District of Michigan. As the core events of this case occurred in the Western District and Defendant Motley resides and works in the Western District, this action could have been brought in that district.

2.  **Defendants have not strongly shown that convenience of the parties and witnesses favors transferring venue.**

The convenience of the parties in this case is neutral. The party most inconvenienced by Plaintiff's choice of venue is the Plaintiff himself, who lives farther from the Eastern District of Michigan than either Defendant.[1] Plaintiff's willingness to bear the brunt of the physical inconvenience in order to secure the venue of his choice helps this factor weigh in his favor.

The inconvenience to Defendants, on the other hand, can only be described as nominal. Defendant Metz lives and works in the Eastern District of Michigan, which not only makes it a convenient location for the litigation, but also a proper venue under 28 U.S.C. § 1391(b)(1).[2] And although Defendant Motley lives and works in the Western District of Michigan, the distance from Motley's home to the main courthouse of either district is nearly equidistant; the Detroit courthouse is one mile farther from Motley's home than the Grand Rapids courthouse. This demonstrates that Motley will not be

---

[1] Google Maps shows Plaintiff lives approx. 148 miles from the Federal Courthouse in Detroit. Plaintiff Metz lives 51.2 miles from the courthouse. Plaintiff Motley lives 81.5 miles from the courthouse.
[2] We will not address Defendant Metz' prosecutorial immunity defense at this time.

substantially inconvenienced by having the trial in the Eastern District. Even if this case was tried at the Western District's Lansing courthouse, which would be more convenient for Motley, it is only nominally farther for Metz to travel to Detroit than to Lansing.[3] If the trial occurred in Grand Rapids, Metz would have to travel farther to that location than Motley would need to travel if the trial took place in Detroit.[4] No matter where the trial is held, one of the Defendants will be inconvenienced by travel and travelling to the Eastern District courthouse in Detroit is, on balance, the least inconvenient for the Defendants.

It would be another matter if the Plaintiff was trying to shift the burden of inconvenience to the Defendants. But that does not appear to be the case here, as Plaintiff is the party who will be most inconvenienced by litigating this case in the Eastern District of Michigan. Because Plaintiff is willing to bear that burden and travelling to the Eastern District will not inconvenience the Defendants, the Defendants have not met their burden of showing that convenience of the parties strongly favors transfer.

The Court must also consider the witnesses' convenience, which is "one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *Thomas*, 131 F. Supp. 2d at 937. Because the convenience of key witnesses is more significant to this inquiry than the convenience of the total number of witnesses, "[t]he moving party should generally provide each witness's name and the subject matter

---

[3] Metz lives 44.4 miles from the Lansing courthouse.
[4] Metz lives approximately 105 miles from the Grand Rapids courthouse.

6

of the witness's anticipated testimony" in supporting its motion. *Audi AG*, 341 F. Supp. 2d at 750. Rather than provide this support, Defendants merely assert that "[a]ll witnesses that might be called by the [D]efendants, with the exception of Mr. Metz, reside in the Western District," while Plaintiff asserts that a potential key witness resides in the Eastern District. However, neither party has provided a list of witnesses they plan on calling, so the Court cannot properly identify the key witnesses in this litigation or weigh the convenience for those witnesses against that of the other witnesses and the parties. *See Thomas*, 131 F. Supp. 2d at 937 ("This is why the parties should provide each witness's name and an outline of what material testimony that witness would provide . . . . Only when the Court is armed with such information can it properly assess the convenience of the witnesses.") (internal citations omitted). Defendants' speculation that the majority of witnesses reside in the Western District of Michigan is insufficient to carry its burden on this motion. *See id.* at 938.

Because neither convenience of the parties nor convenience of the witnesses strongly favor a change of venue, the Defendants have not carried their burden of demonstrating that these factors strongly favor transferring this case to the Western District of Michigan.

### 3. The interest of justice favors retaining this case in the Eastern District of Michigan.

In determining whether a transfer of venue is in the interest of justice, the Court considers the following factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the

7

parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Having already addressed the convenience to the parties and witnesses, the Court must now consider: (i) the location of relevant documents and relative ease of access to sources of proof; (ii) the locus of the operative facts; (iii) the availability of process to compel the attendance of unwilling witnesses; (iv) the relative means of the parties; (v) the forum's familiarity with the governing law; (vi) the weight accorded the plaintiff's choice of forum; and (vii) trial efficiency. *See, e.g., Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000); *Hige v. Turbonetics Holdings, Inc.,* 662 F. Supp. 2d 821, 833 (E.D. Mich. 2006) (considering these factors in determining whether a transfer would serve the interest of justice). Several of these factors -- availability of process, means of parties, familiarity with the law, and trial efficiency -- do not favor either forum in this case, leaving the Court to address the remaining considerations: the locus of operative facts, the location of relevant documents and sources of proof, and the deference owed to plaintiff's choice of forum.

It is true that litigation "should proceed in that place where the case finds its center of gravity," *Audi AG*, 341 F. Supp. 2d at 751, which would be the Western District of Michigan in this case. However, the additional factors that would buoy the impact of that consideration carry little weight in this context. Because the core events of the case occurred in the Western District of Michigan, it is certainly likely that the location of relevant documents and ease of access to sources of proof would be located there as well.

8

However, as noted, the location of witnesses in this case is entirely speculative, making it difficult for the Court to assess the impact of a change of venue on their availability. Furthermore, the location of documentary evidence is "a minor consideration," *see id*. at 751, particularly in this case, where the physical distance between the potential venues is so minimal.

Finally, the Court must balance the arguments in favor of transferring this litigation to the Western District of Michigan against the deference owed to Plaintiff's choice of forum. As a general rule, a plaintiff's choice of forum is entitled to "substantial deference." *Audi AG*, 341 F. Supp. 2d at 749. However, a plaintiff's chosen forum is not sacrosanct, and will not defeat a well-founded motion for change of venue. *Thomas*, 131 F. Supp. 2d at 937 (citing *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 399 (E.D. Mich.1994)). This is especially true where a plaintiff has little or no connection to the chosen forum. *United States v. Cinemark USA, Inc.*, 66 F.Supp.2d 881, 889 (N.D. Ohio 1999). In such a case, the plaintiff's reason for choosing the forum -- and remaining in the forum -- is diminished and thus should be given less weight. *Id.*

Although both Plaintiff's residence and the locus of operative facts in this case are located in the Western District of Michigan -- lessening the deference afforded his choice of forum -- Plaintiff's choice of forum is still entitled to some degree of deference and can only be overcome by a well-founded motion establishing that "fairness and practicality *strongly favor* the forum to which transfer is sought." *Audi AG*, 341 F. Supp. 2d at 749 (emphasis added). Having considered all the factors and determined that -- at best -- they slightly favor the Western District of Michigan, the Court finds that

9

Defendants have not met their burden of establishing that fairness and practicality "strongly favor" the Western District of Michigan. As Defendants have failed to meet that burden, it is unnecessary to consider precisely how much deference need be granted to Plaintiff's choice of forum; it is sufficient that the Eastern District of Michigan is a proper venue for this litigation.

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' motion to change venue is DENIED.

**IT IS SO ORDERED.**


Dated: July 8, 2013            s/Gerald E. Rosen
                               GERALD E. ROSEN
                               CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 8, 2013, by electronic and/or ordinary mail.

                               s/Julie Owens
                               Case Manager, (313) 234-5135